United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA MARIE KARKANEN,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY COURT SERVICES OF CONTRA COSTA COUNTY, et al.,<br><br>Defendants. | Case No. 17-cv-00999-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEAL**<br><br>Re: Dkt. No. 11 |

Pending before the Court is Plaintiff's motion to seal the complaint. Dkt. No. 11 ("Mot."). The motion states that the "[t]he complaint contains confidential information." *Id.* at 1. Similarly, Plaintiff's declaration in support of the motion asserts that the complaint should "be placed under seal due to the nature of sensitive and confidential information." Dkt. No. 12 ("Pl.'s Decl."). Plaintiff's declaration also contends that the exhibits to the complaint contain confidential information. *Id.* The Court **DENIES** the motion.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79

(citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

**II.     DISCUSSION**

In considering Plaintiff's motion to seal the complaint, the Court applies the "compelling reasons" standard. While the Ninth Circuit appears not to have explicitly announced what standard applies to the sealing of a complaint, many courts in this district have found that the compelling reasons standard applies. *See Towers v. Iger*, No. 15-cv-04609-BLF, 2016 WL 6427898, at *2 (N.D. Cal. Oct. 31, 2016); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-cv-04948-

HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016); *Sjostrom v. Kraatz*, No. 16-cv-01381-DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *Dunbar v. Google, Inc.*, No. 12-CV-003305-LHK, 2013 WL 4428853, at *2 (N.D. Cal. Aug. 14, 2013); *In re NVIDIA Corp. Derivative Litig.*, 06-cv-06110-SBA, 2008 WL 1859067, at *3-4 (N.D. Cal. Apr. 23, 2008). This makes sense because the complaint is more than "tangentially related to the merits of the case." *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Sjostrom*, 2016 WL 3940886, at *2 ("Because the complaint is more than tangentially related to the merits of the case, the compelling reasons standard governs the sealing request.").

Here, Plaintiff asserts, without any factual support, that the complaint is confidential. *See* Mot.; Pl's Decl. This clearly falls short of the Ninth Circuit's requirement that the movant "articulate compelling reasons supported specific factual findings." *See Kamakana*, 447 F.3d at 1178 (internal quotation marks and alterations omitted); *see also Tdn Money Sys., Inc. v. Glob. Cash Access, Inc.*, No. 2:15-cv-02197-JCM-NJK, 2016 WL 4708466, at *2 (D. Nev. Sept. 7, 2016) ("The burden to show compelling reasons for sealing is not met by general assertions that the information is 'confidential . . . .'"). In addition, Plaintiff's request to seal the entire complaint is not "narrowly tailored" as required by the Local Rules. *See* Civ. L.R. 79-5(b).

For the foregoing reasons, Plaintiff's motion to seal is **DENIED.** Pursuant to Rule 79-5(f)(2), Plaintiff's complaint will not be considered by the Court unless she files an unredacted version within 7 days of this order. If Plaintiff prefers not to file an unredacted version of the complaint, she may instead file a renewed motion to seal. However, any renewed motion to seal must be narrowly tailored and justified by compelling reasons supported by specific facts, and must include the required attachments specified in Local Rule 79-5(d).

**IT IS SO ORDERED.**

Dated: 4/11/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge