UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA MARIE KARKANEN, <br><br> Plaintiff, <br><br> v. <br><br> FAMILY COURT SERVICES OF CONTRA COSTA COUNTY, et al., <br><br> Defendants. | Case No. 17-cv-00999-HSG <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO SEAL, AND DENYING DEFENDANTS' MOTION TO STAY** <br><br> Re: Dkt. Nos. 7, 15, 18, 30 |

Pro se plaintiff Kristina Karkanen filed her complaint on February 27, 2017. Dkt. No. 1 ("Compl."). She alleges that, in 2008, she filed a dissolution-of-marriage action in the Superior Court of California, Contra Costa County ("Superior Court"), and that, in 2009, the parties were awarded joint custody of their minor daughter, J.K. *Id.* at 6.[1] Beginning in 2011, additional proceedings were held to resolve various timeshare and custody issues—including a mediation and custody evaluation in 2013. *Id.* at 5–18.[2] Plaintiff alleges that her constitutional rights were violated during these proceedings, and asserts claims under 42 U.S.C. § 1983 against Defendants

---

[1] Certain paragraph numbers are repeated in Plaintiff's complaint, so the Court instead cites page numbers for clarity.

[2] Family Court Services ("FCS") refers to "mediation" as "child custody recommending counseling." *See* Superior Court of California, Contra Costa County, Family Court Services, http://www.cc-courts.org/family/fcs.aspx (hereinafter, "FCS Webpage") (last visited June 20, 2017). The Court takes *sua sponte* judicial notice of information on the Superior Court's FCS webpage. Fed. R. Evid. 201(c)(1) (permitting *sua sponte* judicial notice); *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("[A] district court . . . may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment.") (internal quotation marks omitted); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (noting that courts commonly take judicial notice of factual information on government agency websites). This change in vocabulary is pursuant to California statute. *See* Cal. Fam. Code § 3183(a) (requiring California courts to implement certain changes in vocabulary by 2012).

1  Magda Lopez, James Paulsen, Tish Reese (collectively, "Judicial Defendants"), Elizabeth
2  Braunstein, and "Contra Costa County, including through its Family Court Services Division."
3  Compl. at 18–28.[3]

4  The following motions are pending before the Court: (1) the Judicial Defendants' motion
5  to dismiss, Dkt. Nos. 7 and 8; (2) Defendant Braunstein's motion to dismiss, Dkt. No. 18; (3)
6  Plaintiff's administrative motion to file under seal, Dkt. No. 15; and (4) Defendants' motion to
7  stay discovery, Dkt. No. 30. The Court held a hearing on the motions on June 22, 2017. Having
8  carefully considered the papers, oral arguments, and relevant authorities, the Court **GRANTS**
9  Defendants' motions to dismiss without leave to amend, **DENIES** Plaintiff's administrative
10 motion to seal, and **DENIES** Defendants' motion to stay.

11 **I.     MOTIONS TO DISMISS**

12 The Court finds that Plaintiff's complaint must be dismissed as to each defendant for the
13 reasons articulated below.

14 **A.     "Contra Costa County, including through its Family Court Services Division"**

15 Plaintiff asserts a § 1983 claim against "Contra Costa County, including through its Family
16 Court Services Division." Compl. at 23. The caption of the complaint names "County of Contra
17 Costa, Family Court Services." *Id.* at 1. The FCS Office, however, is unquestionably an entity of
18 the Superior Court. *See* FCS Webpage. Therefore, the Court rejects Plaintiff's assertion in
19 opposition that she is not suing the Superior Court, but rather "the municipal entity of Contra
20 Costa County and its Family Court Services." *See* Dkt. No. 10 at 23. Plaintiff's complaint centers
21 on alleged constitutional violations that occurred during the mediation and custody proceedings
22 conducted by FCS, allegedly resulting in Superior Court decisions that were adverse to Plaintiff.
23 *See* Compl. at 5–18. Thus, the only reasonable construction of Plaintiff's complaint is that she is
24 suing FCS, an entity of the Superior Court. Such a suit is barred by the Eleventh Amendment.
25 *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (§ 1983

---

[3] Plaintiff also sues unnamed defendants. *See* Compl. at 19, 21 (asserting § 1983 claims against "DOES 1–20"). Notwithstanding Plaintiff's statement, the Office of Family Court Services ("FCS Office") is an entity within the Superior Court. *See* FCS Webpage.

claim against Sacramento Superior Court barred by Eleventh Amendment).[4]

## B. Judicial Defendants

In California, the mediators of a custody and visitation dispute may, subject to certain restrictions, submit a recommendation to the court after mediation and an assessment of the child's interests and needs. Cal. Fam. Code § 3161 (describing purposes of mediation); *id.* § 3180 (describing duties of mediators); *id.* § 3183 (describing submission of recommendation by mediator to court); *see also* Cal. R. Ct. 5.210 (setting standards for court-connected child custody mediation services). Where the mediator is authorized to submit a recommendation to the court, the mediation and recommendation process is called "child custody recommending counseling" and the mediator is called a "child custody recommending counselor." *Id.* § 3183.

The allegations against Defendants Reese and Paulsen relate to their conducting recommending mediation and tendering recommending mediation reports to the Superior Court in Plaintiff's proceedings. Compl. at 2–3, 8–9, 12–18. Both were employed by FCS: Reese is described both as a "Recommending Mediator" and "Recommending Counselor," while Paulsen is described as an "Administrator" and a "Recommending Counselor" who allegedly supervised Defendant Reese and other mediators. *Id.* at 2–3, 8, 13. Defendant Lopez was the Director of FCS, and oversaw all FCS' Recommending Counselors, including Defendant Paulsen. *Id.* at 3. Plaintiff alleges that Lopez allowed Paulsen to make false statements in his recommending mediation reports. *Id.* at 16.

Judicial Defendants enjoy absolute quasi-judicial immunity from liability for the conduct described in the complaint. Conducting court-connected mediation and making recommendations to the Superior Court regarding disputes are both "judicial act[s] with a sufficiently close nexus to the adjudicative process" and "involve the exercise of discretion in resolving disputes." *See*

---

[4] Relatedly, Plaintiff asserts in opposition that she is not suing the Judicial Defendants in their official capacities. Dkt. No. 10 at 23. Doing so here would be barred by the Eleventh Amendment. *See Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (finding that Eleventh Amendment barred suits for monetary relief against individual defendants acting in their official capacities); *Simmons*, 318 F.3d at 1161 (§ 1983 claim against state court employees barred by the Eleventh Amendment); Compl. at 28 (seeking monetary damages).

3

*Burton v. Infinity Capital Mgmt.*, 753 F.3d 954, 959–60 (9th Cir. 2014) (internal quotation marks omitted). This conduct is also consistent with the historical definition of absolute judicial immunity at common law, as the "touchstone" that determined its applicability "was performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.8 (1993); *see also Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) ("[A]bsolute immunity shields only those who perform a function that enjoyed absolute immunity at common law."). Moreover, the Ninth Circuit has found that absolute quasi-judicial immunity applies under remarkably analogous circumstances. *See Meyers v. Contra Costa Cty. Dep't of Social Servs.*, 812 F.2d 1154, 1158–59 (9th Cir. 1987). In *Meyers*, the supervising counselor and associate counselor, like Judicial Defendants, conducted mediation of custody and visitation disputes, tendered reports to the courts, were court employees performing duties authorized by California law, and were not acting "clearly and completely" beyond their jurisdiction. *See id.* The analogous facts of *Meyers* support the finding that absolute quasi-judicial immunity applies here, too. *See id.*; *see also Wagshal v. Foster*, 28 F.3d 1249, 1254 (D.C. Cir. 1994) ("[A]bsolute quasi-judicial immunity extends to mediators and case evaluators in the [District of Columbia] Superior Court's ADR process . . . [so long as they act] within the scope of their official duties."); *Putman v. State Bar of Cal.*, No. SACV 08-625-DSF(CW), 2010 WL 3070435, at *7 (C.D. Cal. June 25, 2010) (ruling that "neutral third-parties" enjoy absolute quasi-judicial immunity "for their conduct in performing dispute resolution services which are connected to the judicial process and involve . . . the making of findings or recommendations to the court or . . . mediation . . . or other similar resolution of pending disputes"), *report and recommendation adopted as modified*, 2010 WL 3070425 (C.D. Cal. Aug. 3, 2010) (quoted language unchanged).[5]

---

[5] In opposition, Plaintiff relies on *Hardwick v. County of Orange*, 844 F.3d 1112 (9th Cir. 2017) (sometimes cited by Plaintiff as *Preslie v. Vreeken*) and *in re Marriage of Seagondollar*, 139 Cal. App. 4th 1116 (2006). *See, e.g.*, Dkt. No. 10 at 6. The Court finds these cases to be either distinguishable, *see Hardwick*, 844 F.3d at 1116 (finding that absolute immunity did not extend to social workers acting "well outside of the social workers' legitimate role as quasi-prosecutorial advocates in presenting the case"), or irrelevant, *see Seagondollar*, 139 Cal. App. 4th 1116 (making no reference whatsoever to immunity). In fact, *Hardwick* is consistent with the Court's finding that the Judicial Defendants enjoy absolute immunity for discharging functions that have a

4

**C. Defendant Braunstein**

In California, "[c]ourts order child custody evaluations, investigations, and assessments to assist them in determining the health, safety, welfare, and best interest of children with regard to disputed custody and visitation issues." Cal. Ct. R. 5.220(b).[6] "A 'child custody evaluator' is a court-appointed investigator as defined in Family Code section 3110." Cal. Ct. R. 5.225(b)(1). "A 'child custody evaluation' is an investigation and analysis of the health, safety, welfare, and best interest of a child with regard to disputed custody and visitation issues conducted under Family Code sections 3111 and 3118, Evidence Code section 730, or Code of Civil Procedure section 2032.010 et seq." Cal. Ct. R. 5.225(b)(2).

Plaintiff alleges that Defendant Braunstein, a licensed psychologist, was appointed by the Superior Court as a child custody evaluator in Plaintiff's case. Compl. at 3, 9. Plaintiff's reference to "court-appointed 730 experts" appears to indicate that Braunstein was appointed under section 730 of the California Evidence Code. *See* Compl. at 15; Cal. Evid. Code § 730 ("When it appears to the court . . . that expert evidence is or may be required . . . the court . . . may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial . . . ."). Notwithstanding the many transgressions alleged by Plaintiff, Braunstein's conduct, as described in the complaint, all relates to her work as a court-appointed child custody evaluator and her preparation of the child custody evaluation in Plaintiff's case. *See* Compl. at 9–18.

Braunstein enjoys absolute immunity from liability for this conduct. Preparing an evaluation as a court-appointed expert witness is not only closely intertwined with the adjudicative process, but also requires exercising substantial discretion pertaining to conflict resolution. *See Burton*, 753 F.3d at 959–60. This conduct is also consistent with the historical definition of absolute judicial immunity at common law because "the common law provided absolute immunity

---

close nexus with the judicial process and involve the exercise of discretion to resolve disputes. *See* 844 F.3d at 1116 ("[S]ocial workers may well have absolute immunity when discharging functions that are critical to the judicial process itself . . . ." (internal quotation marks omitted)).

[6] "This rule governs both court-connected and private child custody evaluators appointed under Family Code section 3111, Evidence Code section 730, or Code of Civil Procedure section 2032." Cal. Ct. R. 5.220(b).

5

from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process." *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983); *Miller*, 335 F.3d at 897. This immunity extended to witnesses. *Id.* at 345; *Miller*, 335 F.3d at 896. Moreover, the Sixth Circuit relied on *Briscoe* to find in a § 1983 suit that absolute immunity extended to psychiatrists whose findings were used by the state court to determine the best environment for a child in custody proceedings, reasoning that the psychiatrists' information-providing function, like that of a witness, was an integral part of the judicial process. *Kurzawa v. Mueller*, 732 F.2d 1456, 1457–58 (6th Cir. 1984). Here too, Defendant Braunstein was a psychologist appointed to provide information that was integral to the judicial process, *see id.*, specifically, to render a custody evaluation regarding the best interests of J.T. as to the custody and visitation dispute, *see* Cal. Ct. R. 5.225(b)(2). Accordingly, Braunstein is entitled to absolute immunity. *See Briscoe*, 460 U.S. at 335; *Kurzawa*, 732 F.2d at 1457–58; *see also Bergeron v. Boyd*, 223 Cal.App.4th 877, 882, 884–89 (2014) (holding that absolute quasi-judicial immunity extended to child custody evaluator whom the court ordered to conduct a child custody evaluation, issue interim custody orders, and make recommendations to the court); *Howard v. Drapkin*, 222 Cal.App.3d 843, 847–61 (1990) (ruling that absolute quasi-judicial immunity extended to independent psychologist who, pursuant to court order, performed evaluation and produced nonbinding report regarding a child custody and visitation dispute).

### D. Leave to Amend

The motion to dismiss is granted as to all Defendants for the reasons articulated above. Plaintiff seeks to amend her complaint to "include the Equal Protection Clause of the Fourteenth Amendment" and add "Count 3 – Intentional Infliction of Emotional Distress." Dkt. No. 31 at 4–5 (emphasis in original). Such amendments would not impact dismissal on immunity grounds. At the hearing, Plaintiff expressed the desire to amend her complaint to separately name Contra Costa County and FCS as defendants. This would be futile: the entire gravamen of Plaintiff's complaint is the handling of her child custody and visitation dispute by FCS and a court-appointed psychologist. The Court also cannot conceive of any other amendment that would not be equally futile. Consequently, the Court exercises its discretion to deny leave to amend. *See Leadsinger,*

*Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (finding that denial of leave to amend was not abuse of discretion where no amendment could have saved plaintiff's complaint).[7]

## II. ADMINISTRATIVE MOTION TO SEAL

Plaintiff filed an administrative motion "requesting that the complaint be placed under seal" and that "the Court issue an Order permitting the filing under seal of the unredacted complaint." Dkt. No. 15. Plaintiff's proposed order states that "[t]he Clerk of the Court shall file, under seal, the unredacted version of the complaint." Dkt. No. 15-1. Plaintiff justifies sealing by stating that "[a] minor's full name and birth date is contained within the exhibits to this Complaint" and by citing Federal Rule of Civil Procedure 5.2. *See* Dkt. Nos. 15, 15-1. That rule provides, *inter alia*, that if a filing contains an individual's birth date or a minor's name, the filer may include only the year of individual's birth or the minor's initials, respectively. *See* Fed. R. Civ. P. 5.2(a)(2)–(3). Although Plaintiff's motion is somewhat unclear, the Court interprets it as requesting to seal only J.T.'s full name and her birth month and day, which are contained in the complaint's exhibits.

The Court finds "compelling reasons" to seal that information only, outweighing any public interest in disclosure. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (describing "compelling reasons" standard); *Ojmar US, LLC v. Security People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (finding that "compelling reasons" standard applies to sealing portions of complaint). Consistent with Civil Local Rule 79-5(b), Plaintiff's request, as construed by the Court, seeks to seal material "entitled to protection under the law," and is "narrowly tailored to seek sealing only of sealable material."

However, Plaintiff's motion does not comply with all of Civil Local Rule 79-5(d)(1)'s requirements. For example, while Plaintiff properly filed a proposed order, she failed to file a declaration, a "redacted version of the document," and "[a]n unredacted version . . . indicat[ing] . .

---

[7] After the hearing on this matter, without Defendants' consent or the Court's leave, Plaintiff filed an amended complaint. *See* Dkt. No. 38. Plaintiff can longer amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Moreover, Plaintiff's filing confirms that granting leave to amend would be futile. Accordingly, Plaintiff's amended complaint is dismissed without leave to amend for the same reasons set out above.

7

. by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *See* Civil L.R. 79-5(d)(1). If Plaintiff files a new motion to seal, she must review and fully comply with Civil Local Rule 79-5, including any requirements not specifically called out here.

### III. MOTION TO STAY DISCOVERY

Since the complaint is dismissed without leave to amend, Defendant's motion to stay discovery is denied as moot.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss without leave to amend, **DENIES** Plaintiff's administrative motion to seal, and **DENIES** Defendants' motion to stay. The Clerk is directed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: 6/26/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge